# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Cindy A. Roth, Richard D. Roth, the Estate of Jason S. Roth, by its personal representative, Cindy A. Roth, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil Action No.: 6:15-cv-04988-HMH <br><br><br><br><br> **ORDER APPROVING** <br> **WRONGFUL DEATH SETTLEMENT** |

This matter came before the Court on June 19, 2017, pursuant to the Petition of Plaintiff Cindy A. Roth, as Personal Representative of the Estate of Jason S. Roth, (the Petitioner), Cindy A. Roth, and Richard D. Roth (collectively the Plaintiffs), under S.C. Code Ann. § 15-51-41 *et seq.* seeking approval for the settlement set forth herein. After hearing from the Petitioner and representatives for all parties, the Court finds as follows:

1. This matter involves allegations by Plaintiffs for wrongful death and survival claims based upon the alleged medical malpractice of certain employees and agents of the Veterans Affairs Administration arising from the suicide death of Jason S. Roth (Jason) on or about November 17, 2013.

2. The Plaintiffs instituted this action in the United States District Court, *Roth, et al. v. United States of America*, C/A No.: 6-15-cv-04988-HMH, by a complaint filed on December 17, 2015. The complaint and amended complaint asserted claims against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1), 28 U.S.C. §§ 2671-80.

3. In response to the complaint and amended complaint, the United States of America denied the material allegations and asserted various affirmative defenses.

4.	Jason passed away unmarried and with no children. He is survived by his mother (Cindy A. Roth) and father (Richard D. Roth).

5.	Cindy A. Roth was appointed the Personal Representative of the Estate of Jason S. Roth (the Estate) by the Greenville County Probate Court.

6.	Jason died intestate; consequently, his statutory beneficiaries are his mother and father.

7.	Following lengthy discovery, dispositive motions practice, and after a lengthy mediation, the Plaintiffs agreed to accept Nine Hundred Thousand and 00/100 ($900,000.00) Dollars from the United States of America in a mutual exchange for a full release of any and all past, pending, future, or unknown claims against each other. The compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault by the United States of America, its agents, servants or employees.

8.	The Petitioner has apprised the Court that no creditor claims were ever filed against the Estate. Nevertheless, the Petitioner has identified two debts that could potentially be made against the Estate. They are as follows:

a.	Loan from Navy Federal Credit Union:	$8,000.00

b.	Credit Card:	$3,000.00

The Petitioner has agreed to pay any creditor related debts the Estate may be legally obligated to pay out of the survival proceeds of this settlement.

9.	The Plaintiffs retained Nexsen Pruet, LLC to provide legal representation for the above claims, and entered into a fee agreement for the same. Pursuant to 28 U.S.C. § 2678 the Plaintiffs and Nexsen Pruet, LLC agreed to a 25% contingency fee for any gross settlement, plus litigation costs and expenses. The attorney's fees and litigation costs are as follows:

        Nexsen Pruet, LLC:        $225,000.00
        Litigation Costs:        <u>$22,415.14</u>

**Total Attorney's Fees and Costs:  $247,415.14**

The Court questioned Plaintiffs and found them to be satisfied with the legal representation provided by their counsel and that these fees and costs were reasonable.

    10.    The parties agree and the Court approves the following allocation of the settlement proceeds in this matter:

        Wrongful Death:        $878,000.00

        Survival Claim:        $12,000.00

    11.    The Court finds that Petitioner has been advised of the nature and effect of this settlement, and is satisfied with the explanation provided by counsel. Furthermore, the Petitioner is satisfied and agrees with the decision to resolve this case in the manner described above.

    12.    The Court finds that Petitioner has been advised and is aware that the Court's approval of this settlement and the payment of the settlement proceeds will fully relieve and release the United States of America, its agents and affiliates, and all others who may be responsible for the conduct alleged in the complaint, and that these parties will be fully and finally released and discharged, and that all claims, known or unknown, will be forever ended as between the parties.

    13.    The Court finds that Petitioner has also been advised that the United States of America and its agents and affiliates have no obligation or legal duty to ensure the proper distribution of the settlement proceeds between or among the appropriate statutory beneficiaries, and creditors, if any, of the Estate of Jason S. Roth.

    **WHEREFORE**, IT IS ORDERED THAT THE foregoing settlement is APPROVED and the Personal Representative is authorized to execute such settlement documents as may be

required to fully effectuate this settlement and discharge all claims or causes of action of whatsoever kind or nature that the Plaintiffs have or might have arising out of the conduct alleged in the complaint.

                                                       s/Henry M. Herlong, Jr.
                                                       Henry M. Herlong, Jr.
                                                       Senior United States District Judge

June 19, 2017
Greenville, South Carolina